USCA1 Opinion

 

 November 20, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1365 EDWIN OCASIO-APONTE, Plaintiff, Appellant, v. JOSE ARIEL NAZARIO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ ____________________ Before Lynch, Circuit Judge, _____________ Watson,* Senior Judge, and ____________ Campbell, Senior Circuit Judge. ____________________ ____________________ Francisco J. Rodriguez Juarbe on brief for appellant. _____________________________ Carlos Lugo-Fiol, Solicitor General, Jacqueline Novas-Debien, _________________ ________________________ Deputy Solicitor General, Lorraine J. Riefkohl, Assistant Solicitor _____________________ General, Department of Justice, Jose Carlos Garcia-Selva and Sigrid __________________________ ______ Lopez-Gonzalez Law Offices, on brief for appellees. __________________________ ____________________ ____________________ _______________________ *Of the United States Court of International Trade, sitting by designation. Per Curiam. Appellant Ocasio-Aponte appeals the ___________ dismissal of his action, pursuant to 42 U.S.C. 1983, by the United States District Court for the District of Puerto Rico, on the ground that his complaint was time barred because it had not been filed within the applicable one year statute of limitations period. We affirm. Ocasio-Aponte's action arising out of the termination of his government employment was filed in federal court on April 23, 1992. Although his alleged injury occurred in 1988, the parties agree that the statute of limitations had been tolled by an action filed in the Commonwealth Supreme Court in 1989. This action was dismissed by the Commonwealth Superior Court for failure to exhaust administrative remedies. The Supreme Court of Puerto Rico subsequently denied Aponte-Ocasio's petition for review and motion for reconsideration. The parties were notified of the court's denial of the motion for reconsideration on April 22, 1991. The Supreme Court of Puerto Rico issued its mandate to the Superior Court on May 1, 1991. The sole question in this case is when the tolling period ended. According to Ocasio-Aponte the tolling period lasted until mandate issued; according to appellees, the period lasted only until the parties were notified on April 22, 1992, of the court's denial of Aponte-Ocasio's motion for reconsideration. Both parties agree that the instant action is time barred if, but only if, the tolling period ended on or before April 22, 1991. State law, here the law of Puerto Rico, controls the question of the duration of the tolling period. Wilson v. ______ Garcia, 471 U.S. 261, 269 (1985); Gonsalves v. Flynn, 981 ______ _________ _____ F.2d 45, 47 (1st Cir. 1992). As the district court held, under Puerto Rico law, the tolling period ends when the court enters a final judgment. Duran Cepeda v. Morales Lebron, 112 ____________ ______________ D.P.R. 623, 12 Official Translations 776, 785 (1982); Fresh- ______ O-Baking Co. v. Molinos de Puerto Rico, 103 P.R.R. 707, 717 ___________ _______________________ (1975). A judgment is final, at the latest, when it has been "rendered and notified with the proper legal formality," Sanchez v. Municipality of Cayey, 94 P.R.R. 89, 96 (1967). _______ ______________________ Finality is not dependent on the date on which mandate issues to the lower court. See Dominguez v. Fabian, 36 P.R.R. 509, ___ _________ ______ 511 (1927) (judgment final, for purposes of taking appeal, from date rendered and filed with court not from date on which mandate issues). Under Puerto Rico law, a final judgment in the instant case was rendered, at the latest, on April 22, 1991; for, on that date, the parties received formal notification from the Puerto Rico Supreme Court that Ocasio-Aponte's motion for reconsideration had been denied. As of April 22, 1991, therefore, the tolling period was at an end and the statute of limitations began to run anew. Rodriguez Narvaez v. __________________ -3- Nazario, 895 F.2d 38, 43 (1st Cir. 1990). Since the present _______ action was filed more than one year from this date, the district court was correct in finding it time barred. Affirmed. ________ -4-